## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS,
## ABILENE DIVISION

| | | |
|---|---|---|
| **SPENCER GOLDSMITH** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.** _____ |
| | § | |
| **CHASE GOLDSMITH,** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1.  Plaintiff, SPENCER GOLDSMITH, is an individual citizen of the State of Texas.

2.  Defendant, CHASE GOLDSMITH, an individual and a citizen of the State of Texas, may be served with process at P.O. Box 937, Baird, Texas 79504.

### B. Jurisdiction

3.  The Court has jurisdiction over the lawsuit under 28 U.S.C. §1338 because the suit arises under 15 U.S.C. §1121.

### C. Venue

4.  Venue is proper in this district under 28 U.S.C. §1391(a)(2) and §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### D. Conditions Precedent

5.  All conditions precedent have been performed or have occurred.

### E. Facts

6.  Plaintiff is in the business of fencing services; Defendant is also in the business of fencing services.

7.  Plaintiff is the owner of the trademark GOLDSMITH FENCING and has continuously used that mark in connection with fencing services since 2010.

8.  Among the products and services that Defendant provides are fencing services, fencing products, fencing installation, and general fencing sales.

9.  The trademark GOLDSMITH FENCING is inherently distinctive, as it neither serves as a name for the fencing services themselves nor describes any quality, characteristic, or ingredient of the services.

10.  Plaintiff has used and promoted his GOLDSMITH FENCING mark in various forms of advertising for fencing services, fencing installation, fencing products, and general fencing sales. As a result of extensive use and promotion of this mark, Plaintiff's GOLDSMITH FENCING mark has acquired a favorable reputation to consumers as an identifier and symbol of plaintiff and his products, services, and goodwill. Accordingly, the GOLDSMITH FENCING mark is strong and is entitled to broad protection.

11.  Plaintiff also owns U.S. Trademark Registration No. 4691621 on the Principal Register for the GOLDSMITH FENCING mark. This registration is valid and subsisting.

12.  Plaintiff continues to invest substantial sums in promoting his products and services offered under the GOLDSMITH FENCING mark.

13.  Despite the limitless other marks that defendant could have chosen, he wrongfully appropriated a mark confusingly similar to plaintiff's GOLDSMITH FENCING mark, without plaintiff's permission.

14.  Defendant's wrongful activities are willful for the following reasons:

  a.  Defendant chose a mark confusingly similar to Plaintiff's GOLDSMITH FENCING trademark, even though the most rudimentary trademark search

would have revealed Plaintiff's federal registration for the mark for identical types of products or services. Defendant continues to use the mark, CHASE GOLDSMITH FENCING, causing confusion in the marketplace.

b. Defendant has continued to use the confusingly similar mark after Plaintiff notified him of Plaintiff's prior rights to the GOLDSMITH FENCING trademark.

### F. Count 1 – Trademark Infringement Under the Lanham Act

15. Defendant's unauthorized use of GOLDSMITH FENCING as a mark falsely indicates to consumers that Defendant's fencing services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with Plaintiff's fencing services.

16. Defendant's unauthorized use of GOLDSMITH FENCING in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendant with Plaintiff.

17. Defendant's actions, as described above, constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. §1114(1).

### G. Count 2 – Unfair Competition Under the Lanham Act

18. Defendant's actions, as described above, constitute unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a).

### H. Count 3 – Common-Law Unfair Competition

19. Defendant's acts, as described above, constitute unfair competition under the common law of the State of Texas.

## I. Count 4 – Request for Preliminary Injunction

20.  Plaintiff seeks to enjoin Defendant and his agents and representatives from using GOLDSMITH FENCING on Defendant's products and services during this suit because this activity infringes Plaintiff's trademarked GOLDSMITH FENCING, Registration No. 4691621 pursuant to 15 U.S.C. §1116.

21.  There is a substantial likelihood that Plaintiff will prevail on the merits for the reasons listed herein.

22.  If the Court does not grant a preliminary injunction, Defendant will continue advertising and promoting his fencing services that infringe Plaintiff's trademark and cause confusion in the marketplace.

23.  Plaintiff will likely suffer irreparable injury if the Court does not enjoin Defendant from using Plaintiff's trademark GOLDSMITH FENCING because Plaintiff's mark will suffer from confusion and dilution in the marketplace. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 375 (2008).

24.  Defendant will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction.

25.  Issuance of a preliminary injunction would not adversely affect the public interest.

26.  Plaintiff asks the Court to set this request for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against Defendant.

## J. Damages

28.  Defendant knew that its unauthorized use of a mark confusingly similar to Plaintiff's would result in a benefit to Defendant.

29.  Defendant's unauthorized use of GOLDSMITH FENCING has unjustly enriched Defendant at the expense of Plaintiff's reputation and goodwill.

### K. Attorney Fees

30.  Plaintiff is entitled to an award of attorney fees under 15 U.S.C. §1117(a).

### L. Prayer

31.  For these reasons, Plaintiff asks for judgment against Defendant for the following:

   a.  Defendant, his officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be preliminarily and permanently enjoined from the following:

   (1)  Using the designation GOLDSMITH FENCING, or any other confusingly similar designation, in connection with the promotion, advertising, or offering of fencing products and services.

   (2)  Competing unfairly with Plaintiff in any manner, including unlawfully adopting or infringing on Plaintiff's GOLDSMITH FENCING mark or adopting or using any other marks or designations that are confusingly similar to Plaintiff's GOLDSMITH FENCING mark.

   (3)  Conspiring with, aiding, assisting, or abetting any other person or entity in engaging in any of the activities referred to in subparagraphs (1) and (2) above.

   b.  Defendant, his officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in

their possession or control that depict or reference the designation GOLDSMITH FENCING or any other confusingly or substantially similar mark, and all materials or articles used for making or reproducing the same, as provided by 15 U.S.C. §1118.

c.    Defendant file with the Court and serve on Plaintiff, within 30 days after the entry and service on defendant of an injunction, a report in writing and under oath stating in detail the manner and form in which defendant has complied with the provisions of subparagraphs (a) and (b) above.

d.    Plaintiff recover all damages he has sustained as a result of defendant's infringement and unfair competition.

e.    The Court declare this case an exceptional case and award Plaintiff his reasonable attorney fees for prosecuting this suit under 15 U.S.C. §1117(a).

f.    Plaintiff recover his costs of this suit and prejudgment and postjudgment interest.

g.    Plaintiff have all other relief the Court deems appropriate.

h.    Interest before and after judgment as provided by law.

Respectfully submitted,

BY: /s/ Wayne C. Watson
      **Wayne C. Watson**
      **State Bar No. 20963775**
      **wwatson@mcmahonlawtx.com**

McMahon Surovik Suttle, P.C.
P. O. Box 3679
Abilene, TX 79604
(325) 676-9183 Telephone
(325) 676-8836 Fax

Attorney for Plaintiff

---